EVALINA BANKER, Appellant, v. JAMES A. FISHER et al., Respondents.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Appeal. Case.*—Exceptions to a charge, which were never taken, cannot be allowed in the case on its settlement.

Appeal from order of the county judge of Kings county denying application of plaintiff to have certain exceptions allowed in the case on appeal from the judgment, and from which plaintiff was deprived on the trial from inadvertence.

In the affidavit of plaintiff's attorney used on said motion he says : " That after said trial and at the conclusion of the said judge's charge, the court ordered the jury to the jury-room and directed that a recess be then taken till fifteen minutes before two P. M.; that deponent then immediately retired from the court-room to prepare in due form certain exceptions to the judge's charge to the jury, that they might be presented before the hour named for the reconvening of the jury and the court; that at twenty minutes before two P. M., and five minutes before the time at which, by the order of the judge, the court was to reconvene, deponent entered said court-room, with such exceptions carefully prepared for the purpose of submitting the same, but was then and there informed by the clerk of the court that the said jury had about ten minutes prior to that time entered the court, which had convened, delivered their verdict, and had been discharged; and deponent says, that in consequence of the rendition and acceptance of said verdict, about fifteen minutes before the time to which, by the direction of the court, a recess had been taken, he was deprived of his opportunity and right to poll the jury and to except to the charge of the trial judge ; that the exceptions to said charge were neces-

sary to deponent, and without the benefit of which this deponent cannot hope to successfully prosecute his appeal."

*George W. Wilson*, for appellant.

*Charles J. Patterson*, for respondent.

DYKMAN, J.—This is an appeal from an order of the county court of Kings county denying the motion of the plaintiff to allow exceptions to the charge of the county judge on the trial of this action.

It appears from the papers that after the cause was given to the jury a recess of the court was taken for a short time, and the counsel for the plaintiff then retired to prepare his exceptions to the charge, but before he returned with his exceptions, and before the expiration of the recess, the jury returned into court and rendered the verdict, and were discharged, and the exceptions were never taken.

Under those circumstances the exceptions could not be allowed, and the motion for their allowance was properly denied.

The order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT, J., concur.